UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2005[*]
Decided December 20, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-2985

| | |
|---|---|
| LEON IRBY,<br> *Plaintiff-Appellant*,<br><br>  *v.*<br><br>BRUCE SIEDSCHLAG, et al.,<br> *Defendants-Appellees*. | Appeal from the United States District Court for the Eastern District of Wisconsin<br><br>No. 01-C-1281<br><br>Charles N. Clevert, Jr.,<br>*Judge*. |

**O R D E R**

Wisconsin inmate Leon Irby brought suit under 42 U.S.C. § 1983 claiming that prison officials and several correctional officers at the Waupun Correctional Institution ("WCI") used trumped-up disciplinary charges to retaliate for a grievance he lodged against prison staff. The district court granted the defendants' motion for summary judgment after concluding that Irby lacked admissible evidence of retaliation. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Irby is a self-described jailhouse lawyer and advocate for the rights of prisoners. In January 1995 he submitted a grievance to administrators at WCI complaining that the director of security and correctional officers Bruce Siedschlag and Richard Russell engaged in a "maliciously deliberate deceptive scheme" to hinder a legal matter Irby was working on for another inmate. Irby alleges that this grievance triggered the defendants to retaliate.

One month after Irby submitted his grievance, Siedschlag lodged a conduct report against Irby detailing a verbal argument the officer had witnessed. Siedschlag recounted that Irby and another prisoner, Crowley, repeatedly called each other a "homosexual bitch," and that Irby finally threatened to kill Crowley. Irby, who has a conviction for murdering a fellow inmate, was charged with threatening Crowley and engaging in disruptive conduct. Wis. Admin Code §§ 306.16, 306.28. Crowley was not charged. A Conduct Adjustment Committee comprised of an associate warden and a third correctional officer found Irby guilty, and imposed 5 days of "adjustment segregation" and 180 days of "program segregation." The committee rejected Irby's contention that Siedschlag brought the disciplinary charge to retaliate for Irby's earlier grievance, and reasoned that Crowley's fate was irrelevant to Irby's guilt. Irby appealed to the warden of WCI, who upheld the committee's decision. The warden concluded that Irby was not the target of retaliation, that the committee committed no procedural error, and that the hearing evidence supported the finding of guilt and the penalty imposed.

Eight months later Irby received another conduct report. This time Russell charged Irby with disrespecting an officer. *See* Wis. Admin. Code § 303.25. Russell wrote in his conduct report that Irby called him an "asshole" because, in Irby's estimation, Russell did not respond appropriately to Irby's allegation that inmate Torres had spit in his face. Russell did not write a conduct report against Torres because, according to Russell, he did not witness Torres spit on Irby. A Conduct Adjustment Committee made up of the same associate warden and a fourth correctional officer found Irby guilty and imposed 8 days "adjustment segregation" and 180 days "program segregation." Once more the warden upheld the discipline, explaining that the committee had committed no procedural error and that its finding of guilt was supported by the evidence.

Irby then filed suit in 2001 against Siedschlag, Russell, and everyone else involved in his two disciplinary actions. The district court held that the retaliation claim was not time-barred by Wisconsin's 6-year statute of limitations period for § 1983 claims. *See Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997). Irby alleged that inmates Crowley and Torres both initiated disturbances at the direction of the defendants so that the defendants could manufacture grounds for imposing discipline. In granting summary judgment, the district court principally

reasoned that Irby had failed to support his retaliation theory with any evidence. The court also concluded, based on the undisputed evidence, that Irby had committed the charged disciplinary violations and would have been punished the same even if the defendants were motivated by a desire to retaliate.

On appeal Irby argues that he presented sufficient evidence for a jury to find that the defendants brought the disciplinary charges to retaliate for his January 1995 grievance. An inmate who suffers retaliation for submitting legitimate grievances has a valid claim under § 1983. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To prove such a retaliation claim, the inmate must show that his own activity was constitutionally protected, and that his conduct was a factor motivating the prison officials challenged actions. *See Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).

Interpreting all facts in the light most favorable to Irby, we conclude that he failed to demonstrate a triable issue as to whether the defendants punished him out of a desire to retaliate. Timing alone cannot sustain a retaliation claim, *Pugh v. City of Attica*, 259 F.3d 619, 630 (7th Cir. 2001); *see Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001), and, here, the one-month and then nine-month span between Irby's grievance and the two disciplinary cases at issue does not even amount to suspicious timing. *See Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (holding that six-day period between when plaintiff contacted attorney and alleged retaliatory conduct by defendants not sufficient from which to infer retaliatory motive). Irby does not dispute that he violated prison regulations, but argues that since he alone was punished, the defendants must have been retaliating for the grievance he filed in January 1995. But such conjecture cannot sustain Irby's burden at summary judgment. *See Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir. 1999). Every defendant involved in the disciplinary process submitted an affidavit denouncing any retaliatory motive, and neither inmate Crowley nor inmate Torres testified in support of Irby's theory. No jury reasonably could find on this evidence that Irby was the victim of retaliation by any defendant.

AFFIRMED.